UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE MURPHY, MONIQUE PAYAN, DAMIEN UHL, and those similarly situated,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>ROBLOX CORPORATION, a Delaware corporation,<br><br>　　　　　　　　　　　Defendant. | Case No.: 23-CV-1940 TWR (BLM)<br><br>**ORDER (1) GRANTING JOINT MOTION REGARDING BRIEFING SCHEDULE FOR DEFENDANT'S ANTICIPATED MOTION TO DISMISS; AND**<br>**(2) FOR PLAINTIFFS TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED TO THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**<br><br>(ECF Nos. 1, 7) |

Presently before the Court is Plaintiffs Katherine Murphy, Monique Payan, and Damnien Uhl's First Amended Class Action Complaint for Damages ("FACAC," ECF No. 1-2), which Defendant Roblox Corporation removed from the Superior Court of California, County of San Diego, pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). (*See generally* ECF No. 1 ("NOR").) Also pending before the Court is the Parties' Joint Motion Regarding Briefing Schedule for Defendant's Motion to Dismiss ("Joint Mot.," ECF No. 7.)

**JOINT MOTION**

Defendant intends to file a motion to dismiss Plaintiffs' First Amended Class Action Complaint, and the Parties have agreed on a stipulated briefing schedule. Good cause appearing, the Court **GRANTS** the Joint Motion. As stipulated among the Parties, Defendant **SHALL RESPOND** to Plaintiffs' First Amended Class Action Complaint <u>on or before November 21, 2023</u>. If Defendant responds with a motion, Plaintiffs **SHALL FILE** their opposition <u>on or before December 19, 2023</u>, and Defendant **MAY FILE** its optional reply, if any, <u>on or before January 12, 2024</u>. If Defendant files its anticipated motion to dismiss, the Court **SETS** a hearing for <u>February 8, 2023, at 1:30 p.m., in Courtroom 3A</u>.

**ORDER TO SHOW CAUSE**

Although Plaintiffs have not moved to remand this action, "this court has an independent obligation to address *sua sponte* whether [it] ha[s] subject matter jurisdiction." *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004) (citing *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999)), and, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "The right of removal is entirely a creature of statute and 'a suit commenced in state court must remain there until cause is shown for its transfer under some act of Congress.'" *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (citation omitted).

"Federal courts are courts of limited jurisdiction. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Here, Defendant contends that this Court has subject-matter jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). For purposes of the Court's *sua sponte* screening, the Court believes Defendant has adequately demonstrated that there are over 100 class members, (*see* NOR ¶¶ 14–15); that there exists minimal

diversity, (*see id.* ¶¶ 23–27 (alleging that Defendant is a citizen of California and Delaware while the plaintiffs are "citizens of all states")); and that the amount in controversy exceeds $5 million, (*see id.* ¶¶ 16–22).

CAFA, however, contains three exceptions that may be relevant here: (1) the mandatory "local controversy" exception, *see* 28 U.S.C. § 1332(d)(4)(A); (2) the mandatory "home state" exception, *see* 28 U.S.C. § 1332(d)(4)(B); and (3) the discretionary "home state" exception, *see* 28 U.S.C. § 1332(d)(3). *See Adams v. W. Marine Prod., Inc.*, 958 F.3d 1216, 1220 (9th Cir. 2020). "Implicit in both subsections (d)(3) and (d)(4) is that the court has jurisdiction, but the court either may or must decline to exercise such jurisdiction." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1022 (9th Cir. 2007) (citing 28 U.S.C. §§ 1332(d)(3)–(4)). "A court may raise concerns about its duty to decline jurisdiction under § 1332(d)(4) *sua sponte.*" *Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*, No. 316CV00014GPCBLM, 2017 WL 2813712, at *2 (S.D. Cal. June 28, 2017) (citing *Bey v. SolarWorld Indus. Am., Inc.*, 904 F. Supp. 2d 1103, 1108 (D. Or. 2012)).

As for the mandatory exceptions, the Court "shall decline to exercise jurisdiction" under CAFA in two circumstances. First, under the "home state" exception, the Court must decline jurisdiction when "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State" of California. *See* 28 U.S.C. § 1332(d)(4)(B). Here, Defendant's principal place of business is in California, (*see* NOR ¶ 25), and it is unclear what percentage of the putative class members are citizens of California. Accordingly, the Court may be required to decline jurisdiction over this matter under the mandatory home state exception to CAFA.

Second, under the "local controversy" exception, the Court is required to decline jurisdiction:

    (i)    over a class action in which--

        (I)    greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State [of California];

|   |   |   |
|---|---|---|
| (II) | | at least 1 defendant is a defendant-- |
| | (aa) | from whom significant relief is sought by members of the plaintiff class; |
| | (bb) | whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and |
| | (cc) | who is a citizen of the State [of California]; and |
| (III) | | principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State [of California]; and |

(ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons[.]

28 U.S.C. § 1332(d)(4)(A). For the reasons stated above, *see supra* page 3, the Court may also be required to decline jurisdiction over this matter under the local controversy exception to CAFA.

As far as discretionary abstention, the Court "may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction . . . over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State" of California. *See* 28 U.S.C. § 1332(d)(3). The Court is required to consider the following factors in determining whether to abstain under 28 U.S.C. § 1332(d)(3):

(A) whether the claims asserted involve matters of national or interstate interest;

(B) whether the claims asserted will be governed by laws of the State [of California] or by the laws of other States;

(C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;

///

(D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;

(E) whether the number of citizens of the State [of California] in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and

(F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

28 U.S.C. § 1332(d)(3). For the reasons discussed above, *see supra* pages 3–4, the Court may be able decline to exercise discretion over this under the discretionary home state exception to CAFA.

Because it is Plaintiffs who would bear the burden of proof as to any of these exceptions under CAFA, *see, e.g.*, *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1039 n.10 (N.D. Cal. 2018) (citing *Serrano*, 478 F.3d at 1021–22), the Court **ORDERS** Plaintiffs **TO SHOW CAUSE** <u>on or before November 24, 2023</u>, why this action should not be remanded to the Superior Court of California, County of San Diego. Plaintiffs' response may take the form of a motion to remand. In the event Plaintiffs move to remand, the same briefing schedule shall govern both Defendant's anticipated motion to dismiss and Plaintiffs' motion to remand.

**IT IS SO ORDERED.**

Dated: October 31, 2023

_____
Honorable Todd W. Robinson
United States District Judge