ANNE ANDREWS (Bar No. 103280)
aandrews@andrewsthornton.com
SEAN T. HIGGINS (Bar No. 266888)
shiggins@andrewsthornton.com
ROBERT S. SIKO (Bar No. 312856)
rsiko@andrewsthornton.com
ZACHERY R. BIERSCHEID (Bar No. 351647)
zbierscheid@andrewsthornton.com
**ANDREWS & THORNTON**
4701 Von Karman Ave, Suite 300
Newport Beach, California 92660
Telephone:            (949) 748-1000
Facsimile:            (949) 315-3540

ALEXANDRA WALSH
awalsh@alexwalshlaw.com
PATRICK HUYETT *(Pro Hac Vice forthcoming)*
phuyett@alexwalshlaw.com
**WALSH LAW PLLC**
14 Ridge Square, NW, 3rd Floor
Washington, DC 20016
Telephone:            (202) 780-3014
Facsimile:            (202) 780-3678

*Counsel for Plaintiffs*

**UNITED STATES DISCTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KATHERINE MURPHY, DAMIEN UHL, and those similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>ROBLOX CORPORATION, a Delaware corporation,<br><br>*Defendant*. | Case No.: 3:23-cv-01940-TWR-BLM<br><br>**FOURTH AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>(1) Violations of State Consumer Protection Acts<br>(2) Intentional Misrepresentation<br>(3) Negligent Misrepresentation<br>(4) Unjust Enrichment<br>(5) Violations of California's Unfair Competition Law (Cal. Bus. & Prof. Code, §§ 17200 *et seq.*)<br>(6) Violations of California's False Advertising Law (Cal. Bus. & Prof. Code, §§ 17500 *et seq.*)<br>(7) Violations of the California Consumer Legal Remedies Act (Cal. Civ. Code §§ 1750 *et seq.*)<br><br>**JURY TRIAL DEMANDED** |

1

FOURTH AMENDED COMPLAINT FOR DAMAGES AGAINST ROBLOX CORPORATION

**FOURTH AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiffs KATHERINE MURPHY, DAMIEN UHL, and those similarly situated, bring this Fourth Amended Class Action Complaint and Demand ("4AC") for Jury Trial against Defendant Roblox Corporation ("Roblox") to seek compensation solely based on Defendant's lone conduct involving its deceptive advertising, unlawful and unfair business practices, and numerous misrepresentations, which induced Plaintiffs to spend money and thereby suffer loss of property on the Roblox platform. Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief.

## I.    NATURE OF ACTION

1.    Roblox has generated billions of dollars by lying to parents about the safety of their platform and claiming to protect its most vulnerable users: children. To maximize users – and consequently, revenue – Roblox fails to warn and misleads parents about the widespread inappropriate and harmful content children often encounter in Defendant's virtual world. Roblox specifically misleads parents about the efficacy of its filtering technologies and its ability to make the site safe and appropriate for children. Roblox voluntarily makes numerous false and misleading statements to induce parents to spend money on the platform. These statements constitute unlawful and fraudulent business practices.

2.    Defendant Roblox is one of the largest and fastest growing gaming platforms in the world, designed to bring users together in a virtual universe, or "metaverse."  Developers create games and experiences, which are then populated by user-created avatars. Users play games, explore universes, and design their unique, in-game experiences to share with other players using customizable, digital content offered on the platform. Before any user can obtain digital content, they must first purchase "Robux", the digital currency used only on the Roblox platform. Roblox makes money when users purchase the digital currency with real-world currency and exchange it in the virtual marketplace to obtain digital content made by developers for use in Roblox's virtual universe.

3.    Roblox's growth has outpaced that of the games industry as a whole by a wide

FOURTH AMENDED COMPLAINT FOR DAMAGES AGAINST ROBLOX CORPORATION

margin. Roblox largely credits this growth to its emphasis on user generated content.[1] Roblox contends that it is at the cutting edge of supporting collaboration between users in creating games and exploring those games.[2] In other words, Roblox has invested heavily in technology to break down walls between users, allowing collaboration and communication between users on an unprecedented level for a video game platform.

4.      As of August 2020, Roblox hosted more than 164 million users each month.[3] The Roblox platform has shown rapid growth over time, with new users flooding the platform in recent years. In SEC filings, Roblox reported its Daily Active Users ("DAUs") as 12.0 million in 2018, 17.6 million in 2019, 32.6 million in 2020, and 45.5 million as of the end of 2021.[4, 5] This increased user count has also resulted in massive profit growth for Defendant Roblox with revenue reported to have more than doubled between 2020 and 2021 to more than $1.91 billion.

5.      As Defendant Roblox has enjoyed sustained and substantial growth of its platform, it has increasingly attracted children. As of the end of 2021, at least 64% of Roblox's users were minors and 49% of its users were age 12 or younger.[6] In April 2020, Roblox boasted that *two thirds of American children between the ages of 9 and 12* played on its platform.[7] Given the growing user counts and consistent age demographics since 2020, it is likely this proportion has only grown in the past two years.

6.      But while the loyalty of millions of children has turned Roblox into a wild success during a time when many other businesses have suffered, Roblox systematically exploits them.

---

[1] VentureBeat, Matt Curtis, VP of Developer Relations at Roblox, *The Future of Gaming is User-Generated Content*, YouTube (Apr. 28, 2020) https://www.youtube.com/watch?v=8TOIwd_9VmY.
[2] *Id.*
[3] Kellen Browning, *Where Has Your Tween Been During the Pandemic? On This Gaming Site*, The New York Times (Updated Oct. 31, 2021) https://www.nytimes.com/2020/08/16/technology/roblox-tweens-videogame-coronavirus.html.
[4] Roblox Corp., Registration Statement (Amendment No. 4 to Form S-1) (Feb. 22, 2021).
[5] Roblox Corp., Annual Report (Form 10-K) (Feb. 25, 2022).
[6] *Id.*
[7] Olga Kharif, *Kids Flock to Roblox for Parties and Playdates During Lockdown*, Bloomberg (Apr. 15, 2020) https://www.bloomberg.com/news/articles/2020-04-15/kids-flock-to-roblox-for-parties-and-playdates-during-lockdown.

3

7. Roblox has received significant media attention about the risks of children being exposed to harmful content on the platform. For instance, children encounter virtual strip clubs, simulated sexual intercourse, masturbation, and use of sex toys.[8, 9, 10] Similarly, adult users have groomed, sexted, and otherwise exploited young users. For instance, one 8-year-old was induced to send nude pictures of herself to a 48-year-old predator.[11, 12]

8. More recently, Roblox was in the news when celebrity personality Kim Kardashian's son, Saint, discovered an experience on the site claiming to contain a sex tape featuring his mother. The incident was captured on film in real time during the filming of The Kardashians television series.[13]

9. Roblox itself has recognized the danger to children on its platform stating in its 2020 S-1 SEC filing that the "success of our business model is contingent upon our ability to provide a safe online environment for children to experience, and if we are not able to continue to provide a safe environment, our business will suffer dramatically."[14] The same filing adds:

> Further, we have faced allegations that our platform has been used by criminal offenders to identify and communicate with children and to possibly entice them to interact off-platform, outside of the restrictions of our chat, content blockers, and other on-platform safety measures. While we devote considerable resources to prevent this from occurring, we are unable to prevent all such interactions from taking place.[15]

---

[8] Nina Young, *Mum horrified after six-year-old stumbles onto explicit Roblox 'sex room'*, Kidspot (June 3, 2018, 4:19 PM) https://www.kidspot.com.au/parenting/mum-horrified-after-sixyearold-stumbles-onto-explicit-roblox-sex-room/news-story/74f9543444462d24706a639dd8336834.

[9] Kerry Breen, *Experts, users warn about explicit content on popular gaming platform Roblox*, Today.com (Oct. 20, 2021, 6:13 AM) https://www.today.com/parents/roblox-experts-users-warn-about-inappropriate-content-t235027.

[10] James Crummel, *Roblox risks: hidden dangers in your child's favorite games*, ABC27.COM (Feb. 25, 2020, 10:54 AM), https://bit.ly/3hNRvHQ.

[11] People Make Games (@PeopleMakeGames), *Roblox Pressured Us to Delete Our Video. So We Dug Deeper*, YouTube (Dec. 13, 2021) https://www.youtube.com/watch?v=vTMF6xEiAaY.

[12] Matt Durr, *Man used 'Roblox' video game to lure 8-year-old Michigan girl into sending nude videos*, MLive.com (Sep. 24, 2020, 2:09 PM) https://www.mlive.com/news/2020/09/man-used-roblox-video-game-to-lure-8-year-old-michigan-girl-into-sending-nude-videos.html.

[13] *The Kardashians: Burn Them All to the F\*cking Ground* (Hulu Apr. 14, 2022)

[14] Roblox Corp., Registration Statement (Amendment No. 4 to Form S-1) (Feb. 22, 2021).

[15] *Id.*

10.     Despite these warnings to its investors and regulators, Roblox does not warn its users of the risks of criminal and predative activity on its platform. In fact, it does the opposite. Roblox makes numerous misrepresentations about the safety of its platform in order to convince parents that the platform is safe.  And in doing so, Roblox has misled parents about how it protects their children from inappropriate content and induced parents into allowing their children to spend parents' money on the platform.

11.     Besides misleading users about Roblox's ability to prevent and neutralize the dangers on its platform, Roblox also exploits its young users, inducing them to spend vast sums of money on the platform. For most users, this money comes from their parents either through a linked credit or debit card or through 'Robux Digital Gift Cards' or gift codes.

12.     Roblox has generated billions of dollars in revenue by taking a portion of all "Robux" – Roblox's virtual currency – exchanged on the platform.

13.     Robux are purchased with real world currency and can only be spent on the platform. Users – again, mostly children – often cannot appreciate that Robux is real money.

14.     Roblox takes further advantage of parents induced by its numerous representations to spend money on the site by creating a socially driven marketplace of children for digital items that alter game avatars' appearances. Roblox leverages rare items to create inequality within the virtual space, fomenting jealousy and incentivizing inordinate spending to keep up with peers. The financial impact of Roblox's misrepresentations are therefore multiplied as misled parents spend more money on the site for their children to obtain trendy appearances and gain social standing within their peer group.

## II.     <u>JURISDICTION AND VENUE</u>

15.     This Court has personal jurisdiction over Roblox because Roblox is a Delaware Corporation operating with its principal place of business in San Mateo County, California. Furthermore, a substantial portion of the conduct giving rise to this action occurred in San Diego County, California.

FOURTH AMENDED COMPLAINT FOR DAMAGES AGAINST ROBLOX CORPORATION

16.     Venue is proper in this Court as this 4AC seeks relief and damages arising and resulting from the acts and omissions of Roblox that caused injuries to persons located in San Diego County, California.

### III.     PARTIES

17.     The Plaintiffs. The named Plaintiffs are parents who spent significant money on the Roblox platform after relying on Roblox's representations that the site was safe and appropriate for their children.

18.     Plaintiff Katherine Murphy is a resident of San Diego County, California, and parent of a child who used the Roblox platform beginning in July 2019. Ms. Murphy spent money on Robux on the Roblox platform for her son's benefit because she believed the platform was safe and that Roblox's technology prevented inappropriate contact with her child, as indicated by Roblox's misrepresentations.

19.     Plaintiff Damien Uhl is a resident of Napa County, California and parent of three children who used the Roblox platform beginning in around June 2017. Mr. Uhl and his wife spent money on the Roblox platform on at least a monthly basis to pay for Robux for his children's benefit because he believed the platform was safe and that Roblox's technology prevented inappropriate contact with his child, as indicated by Roblox's misrepresentations.

20.     The proposed class and subclass (identified below) includes citizens of all states.

21.     Defendant. Roblox Corporation[16] is a corporation existing under the laws of Delaware with its principal place of business located at 970 Park Place, San Mateo, California 94403. Roblox operates as a video game developer and regularly conducts and transacts business in the state of California and throughout the United States.

### IV.     FACTUAL ALLEGATIONS

---

[16] To the extent that Roblox has been purchased by, merged into, or changed form, such that it is now owned and/or controlled by a successor-in-interest, Plaintiffs assert the claims herein against such successor, and allege that such successor is liable for the injuries and damages alleged herein. Plaintiffs will seek leave to amend this 4AC to identify any such successor, as well as the basis upon which the successor has assumed Defendant Roblox's liabilities, once such information has been learned.

### A.      The Roblox Product

22.      Created in 2004, Roblox is an interactive "metaverse" that creates a "new category of human interaction." An average of 36.2 million people from around the world migrate to the Roblox platform daily to interact in a 3D digital world that is entirely user generated, built by a community of nearly 7 million developers. More than half of these users are under the age of 13, and users average 2.6 hours on the site daily, more than twice as much time as users spend daily on the popular social network TikTok.

23.      The platform also fosters social interactions between its users and maximizes the activities that users can enjoy together on the platform. Gameplay interactions, user hubs, direct messaging and voice chat, and wearable cosmetic items all promote social interactions between users. Roblox's co-founder and CEO David Baszucki has explained his vision of Roblox is to bring about as "the next phase of human interaction" which he alternately describes as a "a new category of human coexperience."[17]

24.      Roblox consists of two primary layers: the Roblox Client and the Roblox Studio. The Roblox Client allows users to explore 3D digital worlds through the eyes of an avatar, which each user customizes with clothing, gear, animations, simulated gestures, emotes, or other objects. The Roblox Studio is a toolkit developers and creators use to build, publish, and operate 3D experiences and content for the Roblox Client, including the aforementioned objects, which they sell in a user-to-user marketplace known as the Avatar Shop. Most experiences on Roblox are created by developer users.

25.      Defendant earns money, in part, by "tokenizing" a platform-exclusive currency called "Robux" that must be purchased using real-world currency before exchanging "Robux" for digital content in the digital universe's closed economy. "Robux" may be purchased in a single

---

[17] David Baszucki, Cofounder and CEO of Roblox, *The CEO of Roblox on Scaling Community-Sourced Innovation*, Har. Bus. Rev., The Magazine, (Mar-Apr 2022) https://hbr.org/2022/03/the-ceo-of-roblox-on-scaling-community-sourced-innovation#:~:text=David%20Baszucki%20is%20the%20cofounder%20and%20CEO%20of%20Roblox.

FOURTH AMENDED COMPLAINT FOR DAMAGES AGAINST ROBLOX CORPORATION

transaction, or a user may subscribe to receive "Robux" on a recurring basis for a monthly premium that is automatically deducted from a linked payment account with a credit card or electronic check.

26.     Roblox also makes money on the sale of digital content for "Robux". The company takes a 30% commission from user-to-user exchanges of user generated content for "Robux", as well as by offering its own proprietary content for purchase with the in-game currency in the Avatar Shop.

27.     It is extremely easy to sign up for a user account on the Roblox platform and Defendant Roblox makes the platform available through a variety of methods including mobile app stores and direct downloads from their website.

28.     Roblox will also store the payment information for a user so that it is easier to make future purchases on the platform with the same payment account. If a child uses their parents payment account to make a purchase, the parent may not be aware that future payments will automatically be deducted.

29.     To create an account, users need not verify their account with an associated email address.

30.     Although the Roblox Terms of Use state that children must have permission of their parents before signing up for an account, nothing prevents children from creating their own accounts on the platform.

31.     If an account is left without a verification email, a pop-up will appear upon attempting to log out warning the user that they risk their account being lost (along with any Robux or cosmetics they may have) if they do not add a parent's email address.  Again, however, this is optional.

32.     After signing up, a child can play in any of hundreds of thousands of "experiences" on the product, which are much like other video games.

33.     Friends can quickly join each other's unique "experiences", chat over voice and text, and trade items.

34.     When a child creates an account, parental protections are off by default. As a result, a user of any age can jump into nearly any "experience" on the platform – if a child made their own

FOURTH AMENDED COMPLAINT FOR DAMAGES AGAINST ROBLOX CORPORATION

account and listed their age as 13 or older, then any "experience" is available to them.

35.     The only "experience" restrictions are those created by the developers of the experiences themselves, which may require, for example, an account to be a certain number of days old before joining or users be 13 and older. In practice, developers rarely use these restrictions, and they are off by default.

36.     A user can add any other user as a "friend," regardless of age. Once friends, users can message each other directly and invite each other to private servers or other experiences on the platform. And after entering an experience, users can chat to any other user in the experience, whether or not they are friends. The option to disable chat with strangers in experiences is off by default.

37.     And once kids start playing, they are often hooked. Roblox is a "habit-forming platform" and "kids have a hard time limiting their use because they don't have fully developed frontal cortices."[18]  As a result, children are "easily amenable to addictive games" like Roblox.[19]

38.     The frontal lobes of the brain – particularly the prefrontal cortex – control higher order cognitive functions. This region of the brain is central to planning and executive decision making, including the evaluation of risk and reward. It also helps inhibit impulsive actions and regulate emotional responses to social rewards.[20]

39.     The immersive nature of Roblox enhances its addictive potential.  According to Stanford professor Jeremy Bailson: "When compared to the non-immersive VR condition . . . children in VR showed a significant deficit in inhibitory control."[21]

40.     The habit-forming nature of Roblox deepens the financial impact of Roblox's

---

[18] Amy Brill, *On Parenting: Is my child addicted to Roblox?*, The Washington Post Online, (May 24, 2021) https://www.washingtonpost.com/lifestyle/2021/05/25/roblox-addiction-advice/.

[19] Sapna M, *The Dark Side of the Online Game Roblox Most Parents are Unaware of*, Medium, (June 16, 2021) https://medium.com/illumination/the-dark-side-of-roblox-every-parent-should-know-93bf066b16c0.

[20] Zara Abrams, *Why young brains are especially vulnerable to social media*, Am. Psych. Ass'n. (Aug. 25, 2022) https://www.apa.org/news/apa/2022/social-media-children-teens.

[21] Adario Strange, *What parents need to know about the coming metaverse*, Quartz (Nov. 6, 2021) https://qz.com/2084953/how-parents-can-navigate-the-metaverse-for-their-children.

misrepresentations as parents who have been induced to spend money on the site end up spending more over a long period of time.

### B.      Roblox's Misrepresentations about the Platform's Appropriateness for Children Induces Parents to Spend Money.

41.      Since as early as 2017, Roblox has marketed the Roblox platform as the "#1 gaming site for kids and teens"—a safe place where children can "create adventures, play games, role play, and learn with their friends in a *family-friendly*, immersive, 3D environment."[22]

42.      Since at least 2017, Roblox has marketed the platform as safe for children—"Roblox gives players a *safe, moderated place* to meet, play, chat, and collaborate on creative projects."[23]

43.      Roblox, since at least 2017, has convinced parents, like Plaintiffs, that Roblox's "state-of-the-art" technology ensures that children will be safe on the platform—"We strive to continually develop *new and innovative technologies* that *will protect the safety* of our community while allowing players to imagine, create, and play together in a *family-friendly environment*."[24]

44.      Those safety features include:

   a.   *"state-of-the-art filtering system* that actively filters for inappropriate chat *everywhere* on the site and in-game";

   b.   "*around the clock*" moderation team that ensures "*[a]ll* uploaded images, video, and audio files are pre-reviewed by moderators for *appropriate content before being allowed* on the site";

   c.   "an *automated detection feature* that is designed to *ensure that all players* are wearing *appropriate* attire within the avatar editor and avatar thumbnails";

---

[22] Roblox Website Home Page as it existed on June 1, 2017 captured by the Internet Archive's Wayback Machine. https://web.archive.org/web/20170601045444/https://www.roblox.com/

[23] Roblox Website Parent's Guide (https://corp.roblox.com/parents/) as it existed on June 1, 2017 captured by the Internet Archive's Wayback Machine. https://web.archive.org/web/20170716032712/https://corp.roblox.com/parents/

[24] *Id.*

d.  Ensuring protection for users under 13 by "***automatically enforcing more restricted settings*** so they can only directly message other users that are accepted as friends on Roblox."[25]

45.  Roblox has continued to market the platform as safe for children, touting these "state-of-the-art" safety features as recently as February of 2024.

46.  Roblox has continued to advertise its product as "family friendly" despite rampant inappropriate and predatory conduct.[26]

47.  Roblox still avers in its Community Guidelines that "Roblox is a safe space for meeting online friends, chatting, and collaborating on creative projects."[27]

48.  Specifically, Roblox still tells parents: "If your child is under 13, we make it extremely difficult for strangers on Roblox to contact them."[28]  That is untrue.



---

[25] *Id.*

[26] Kerry Breen, *Experts, users warn about explicit content on popular gaming platform Roblox*, Today.com (Oct. 20, 2021) https://www.today.com/parents/roblox-experts-users-warn-about-inappropriate-content-t235027.

[27] Roblox Support: Legal Documents, Roblox Corporation, Community Standards (last visited July 31, 2024) https://en.help.roblox.com/hc/en-us/articles/203313410-Roblox-Community-Standards.

[28] Roblox Support: Safety, Roblox Corporation, Age Appropriate Design Code FAQs (last visited

FOURTH AMENDED COMPLAINT FOR DAMAGES AGAINST ROBLOX CORPORATION

49.     In fact, Roblox makes it extremely easy. Almost all safeguards to prevent strangers from contacting and grooming children on Roblox are disabled by default. And once they are friends with or in the same "experience" as a child, predators can easily contact them.

50.     Roblox also says that "[a]n automated detection feature ensures that all players are wearing appropriate attire within the avatar editor and avatar thumbnails" and that it uses "state-of-the-art" technology to "prevent inappropriate content . . . from being visible on the platform."[29] As shown above, wrong again.

51.     The ease with which predators can groom children and share inappropriate content has revealed the product's dark underbelly and received significant media attention.[30]

52.     While Roblox claims it goes "above and beyond" to keep children safe, the program's systems allegedly designed to monitor lewd behavior often fail.[31]

53.     For instance, Roblox is infamous for "condo games" showing nude avatars engaging in forms of intercourse and using profane language. One journalist observed that one virtual condo game "den showcased an array of sex toys. The private rooms upstairs were furnished only with beds. The basement was a torch-lit sex dungeon."[32]

54.     These "condo games" also enable online predators to groom children.  For example, adult players have tried to start separate, private conversations with underage players to solicit sexualized photos.

55.     And many condo operators shirk any responsibility. One said, "If horny little kids

---

July 31, 2024) https://en.help.roblox.com/hc/en-us/articles/4406238486676-Age-Appropriate-Design-Code-FAQs.

[29] Roblox Website Parent's Guide (https://corp.roblox.com/parents/) as it existed as of August 2017 as captured by the Internet Archive's Wayback Machine.

[30] *See ibid.* footnotes 10-14.

[31] Roblox Age Appropriate Design Code FAQs, https://en.help.roblox.com/hc/en-us/articles/4406238486676-Age-Appropriate-Design-Code-FAQs

[32] Burt Helm, *Sex, lies, and video games: Inside Roblox's war on porn*, FASTCOMPANY (Aug. 19, 2021) https://bit.ly/346tnIA.

FOURTH AMENDED COMPLAINT FOR DAMAGES AGAINST ROBLOX CORPORATION

get catfished by pedophiles on condos then sorry this is becoming natural selection."[33]

56.    Roblox knows that this inappropriate and often illegal activity on its site threatens profitability and survival.[34]

57.    Still, the company misleads parents about the safety of its product and the effectiveness of its safety features because Roblox knows that maximizing the number of young users is its key to profitability.

58.    Roblox knows that what few measures it has put in place to discourage children from engaging with inappropriate content are easily circumvented. Indeed, Roblox knows its platform is so easy to join that new users can sign up in seconds without a verified email address. The vast majority of "experiences" on the platform can be accessed by any new account; a child providing their age as 13 or older can access all "experiences" on the platform without any age verification.

59.    All of Roblox's representations about parents' ability to limit their child's exposure to inappropriate content on the platform are misleading because the parental controls are easily circumvented when a child makes their own account. Of course, Roblox gift cards and digital gift codes can be redeemed on any account meaning that children have a ready pathway to spend money from their parents even on unmonitored accounts.

///
///
///
///
///
///
///
///
///

---

[33] Burt Helm, *Sex, lies, and video games: Inside Roblox's war on porn*, FASTCOMPANY (Aug. 19, 2021) https://bit.ly/346tnIA.
[34] *Ibid.* footnote 15.

FOURTH AMENDED COMPLAINT FOR DAMAGES AGAINST ROBLOX CORPORATION



Ultimately, Roblox's voluntary misrepresentations as to the safety and appropriateness of its platform have caused parents, including Plaintiffs, to spend money on the platform for the benefit of their children.

> ### C.   *Misled Parents can Easily Spend Hundreds or Thousands on Worthless In-App Purchases on their Child's Roblox Account.*

60.    To maximize the profits extracted from those young users, Roblox also misleads them to spend vast sums of money and lure into "casino-level" spending sprees without their parents' knowledge.[35]

///

///

///

///

///

---

[35] *Warning for Parents: Kids Spending thousands of dollars on "free" Roblox games*, ParentsTogether Foundation (June 21, 2021) https://parents-together.org/warning-for-parents-kids-spending-thousands-of-dollars-on-free-roblox-game/.

FOURTH AMENDED COMPLAINT FOR DAMAGES AGAINST ROBLOX CORPORATION

61.     Many parents also do not realize that once in the game, players can buy in-app currency that can be used to purchase a vast range of items for their avatar from third-party apps. These vary widely in cost – from a sword for $1 to a hat accessory costing $600.  For children, who often do not yet understand the value of money, navigating this in-app economy can be challenging. And by using Robux rather than a real-world currency, Defendant Roblox adds another layer of confusion for children.



62.     All purchases and transactions on Roblox are carried out using Robux, which is Defendant's primary source of revenue.  Not only does Roblox sell Robux in-game currency for real money, but it also takes a 30% commission from every user-to-user transaction in the Avatar Shop. When Roblox is the seller of the cosmetic items, there is no other user to pay and Roblox pockets the entire amount.

63.     When users **purchase** Robux, they cannot convert those Robux back into real-world currency. Even in the singular circumstance where Roblox makes it possible to convert Robux into real-world currency, it only applies to "***Earned***" Robux, subject to the terms and conditions of

Roblox's DevEx program. Users can only spend their Robux on developer tools, promotions, or other purchases *on the platform*.

64.     Users can buy Robux with real currency – for instance, a user can purchase 400 Robux for $4.99 or 10,000 Robux for $99.99. Users receive additional promotional Robux if they subscribe and buy Robux on a reoccurring, monthly basis.

65.     The obfuscation of the actual purchase price of items on the Roblox platform can lead to children and adolescents spending tremendous sums of money—more often than not given to them by their parents through a linked credit/debit card or through a digital gift card—without appreciating the cost of the items in real world dollars. This is of course the point from Roblox's perspective, and has led to incredible profits through their cosmetic marketplace.

66.     One example is hair for avatars. "Beautiful Hair for Beautiful Space People" has sold nearly 40,000 times, selling at a recent average price of 6,062 Robux. Even if using the most generous purchase rate of Robux by spending $199.99 at a time, this cosmetic item costs over $32.

67.     Astronomical prices of rare items in the Avatar Store coupled with social pressures can quickly snowball, leading children to spend thousands of dollars. Specifically, Defendant Roblox leverages rare items to create inequality within the virtual space, fomenting jealousy and incentivizing inordinate spending to keep up with peers.

68.     Roblox knows that children are particularly vulnerable to these social pressures and, as a result, to spending money on the platform.

///
///
///
///
///
///
///
///
///

FOURTH AMENDED COMPLAINT FOR DAMAGES AGAINST ROBLOX CORPORATION

69.      "Everyone innately responds to social approval."[36] "[B]ut some demographics, in particular teenagers, are more vulnerable to it than others."[37] Unlike adults, who "tend to have a fixed sense of self that relies less on feedback from peers,"[38] adolescents are in a "period of personal and social identity formation" that "is now reliant on social media" platforms like Roblox.[39]

70.      And while Roblox says parents can switch off or restrict their children's spending,

---

[36] Von Tristan Harris, *The Slot Machine in Your Pocket*, Spiegel Int'l (July 27, 2016) https://www.spiegel.de/international/zeitgeist/smartphone-addiction-is-part-of-the-design-a-1104237.html.

[37] *Id.*

[38] Zara Abrams, *Why young brains are especially vulnerable to social media*, Am. Psych. Ass'n (Aug. 25, 2022), https://www.apa.org/news/apa/2022/social-media-children-teens.

[39] Betul Keles et al., *A systematic review: the influence of social media on depression, anxiety and psychological distress in adolescents*, Int'l J. Adolescence & Youth (202) 25:1, 79-93 (Mar. 3, 2019) https://www.researchgate.net/publication/331947590_A_systematic_review_the_influence_of_social_media_on_depression_anxiety_and_psychological_distress_in_adolescents.

FOURTH AMENDED COMPLAINT FOR DAMAGES AGAINST ROBLOX CORPORATION

Roblox has misled even tech-savvy parents into believing they had prevented their children from reckless spending.  For example, parents often believe that children cannot make in-app purchases because they have not linked a credit card to their child's Roblox account. But because children can make purchases through third-party operators, payments can be made through several platforms where parents have provided payment details, such as PayPal, Google Pay, iTunes, Xbox, Microsoft, Windows, Amazon, etc.[40]

71.    Not only does Roblox obscure the real price of in-app purchases on the front end and make it hard for parents to monitor those purchases, its misrepresentations about the safety of its product render those purchases worthless or worth less than bargained for.

72.    Roblox users reasonably expect to be able to use items purchased through Roblox forever.  And those items can be used only in the Roblox virtual world.  Thus, the value of those items turns on the value and safety of Roblox.  For example, if a parent buys their child a hat for his Roblox avatar, believing that he can safely enjoy Roblox and that hat forever, discovering that Roblox is incredibly unsafe substantially – if not completely – diminishes the hat's value.  Indeed, after learning the truth about Roblox, the parent might never feel comfortable letting their child play Roblox again, rendering the hat worthless.

73.    Roblox's marketplace operates unfairly, immorally and unscrupulously by taking advantage of its own misleading statements to promote and capitalize upon spending by parents who believe the platform to be appropriate for their children. It does so by preying on the psychological vulnerabilities of children's spending habits and punishes parents by creating demand for ever more money being spent on the site.

**D.    *Plaintiffs Have Seen Firsthand the Falsity of Roblox's Misrepresentations After Spending Thousands of Dollars***

74.    Plaintiff Katherine Murphy, a California resident, was introduced to Roblox while setting up her 7-year-old son's account in July of 2019. At the time of creating the account, Ms.

---

[40] *Warning for Parents: Kids Spending thousands of dollars on "free" Roblox games*, ParentsTogether Foundation (June 21, 2021) https://parents-together.org/warning-for-parents-kids-spending-thousands-of-dollars-on-free-roblox-game/.

FOURTH AMENDED COMPLAINT FOR DAMAGES AGAINST ROBLOX CORPORATION

Murphy believed the representations Roblox made about the safety of the platform after reading Roblox's Parent's Guide and Roblox advertisements.

75.     Specifically, Ms. Murphy inquired about the safety of the Roblox platform on July 25, 2019 and viewed the Parent's Guide and Trust & Safety pages on the Roblox website as it then existed. In forming her belief that the platform was safe for her child, Ms. Murphy relied on the following statements found in the July 25, 2019 versions of the Parent's Guide landing page[41] and the Trust and Safety[42] page:

a.    "We take online *safety and privacy very seriously* at Roblox";

b.    "We *protect our players' safety* by *proactively filtering inappropriate content* and acting against anyone who is in violation of our Rules of Conduct. All uploaded images, video, and audio files are pre-reviewed by moderators *before being allowed on the site*. Our global moderation team is also online *around the clock* addressing any incoming concerns as reported by players";

c.    "An automated detection feature *ensures that all players* are wearing *appropriate* attire within the avatar editor and avatar thumbnails."

d.    "Roblox offers parental controls that allow for a selection of chat options (no chat, chat with friends, chat with everyone), account age visibility (13+ or <13), an account PIN code feature, and an Account Restrictions setting that *only allows* children under 13 to access a curated list of *age-appropriate games*"; and

e.    "Roblox is a member in the kidSAFE Seal Program, which has been approved by the Federal Trade Commission as an authorized safe harbor under the Children's Online Privacy Protection Act (COPPA). We are committed to

---

[41] Roblox Website Parent's Guide landing page (https://corp.roblox.com/parents/) as it existed on July 25, 2019 captured by the Internet Archive's Wayback Machine. https://web.archive.org/web/20190725131556/https://corp.roblox.com/parents/.

[42] Roblox Website Trust & Safety landing page (https://corp.roblox.com/trust-safety/) as it existed on July 25, 2019 captured by the Internet Archive's Wayback Machine. https://web.archive.org/web/20190730223007/https://corp.roblox.com/trust-safety/

complying with COPPA to **ensure the privacy of our users** under the age of 13 and implementing reasonable measures to **prevent them from sharing personal information** via chat messages or in-game";

76.     Ms. Murphy has witnessed firsthand how drastically different the Roblox platform is from the child-safe environment Roblox has represented it to be. Ms. Murphy has witnessed multiple users send her child abusive and profane messages directly through the Roblox messaging service. One user asked her son to perform virtual oral sex on his avatar in the game. Another user asked her son to show them his genitals, and yet another called him "the N-word".

77.     Ms. Murphy has spent over $4,000 on Roblox with the belief that the platform was a safe environment for her child to learn, play, and develop his expressive creativity for 30 minutes per day, on average. Ms. Murphy would not have spent any amount of money on the Roblox platform if she had known it was an unsafe environment for her child to learn and play.

78.     Plaintiff Damien Uhl, a California resident, was introduced to Roblox by his 12-year-old daughter who has been playing the game since 2017. Mr. Uhl allowed all three of his children to continue playing the game because he believed that Roblox was a safe environment for his children after reading the 2017 versions of Roblox's Terms of Use and Parent's Guide and in viewing Roblox's own advertisements, as then found on their website, www.roblox.com.

79.     Specifically, Mr. Uhl researched the safety of the Roblox platform on or around June 1, 2017, and immediately upon viewing the landing page of the Roblox website, Mr. Uhl read that Roblox is "the #1 gaming platform for kids and teens" where kids can create, learn, and play in a "**family friendly**, immersive, 3D environment."[43]

80.     Like many parents, Mr. Uhl was concerned about his children's privacy and safety while using the Roblox platform. On or around June 1, 2017, Mr. Uhl viewed the Parent's Guide[44]

---

[43] Roblox Website Home Page as it existed on June 1, 2017 captured by the Internet Archive's Wayback Machine. https://web.archive.org/web/20170601045444/https://www.roblox.com/

[44] Roblox Website Parent's Guide (https://corp.roblox.com/parents/) as it existed on June 1, 2017 captured by the Internet Archive's Wayback Machine. https://web.archive.org/web/20170716032712/https://corp.roblox.com/parents/

FOURTH AMENDED COMPLAINT FOR DAMAGES AGAINST ROBLOX CORPORATION

on Roblox's website, and relied on the following statements in forming his belief that Roblox was safe for his children:

a.   "Roblox gives players a **safe, moderated place** to meet, play, chat, and collaborate on creative projects."

b.   "We strive to continually develop new and innovative technologies that **will protect the safety** of our community while allowing players to imagine, create, and play together in a **family-friendly** environment."

c.   "We are also committed to fully complying with the Children's Online Privacy Protection Act (COPPA) to ensure the privacy of our users age 12 and under and **prevent** them from sharing personal info via chat messages or in-game. Although users age 13 and older can adjust more account settings and have an expanded vocabulary list, Roblox employs a **filtering system and moderation** team to help **keep players safe** and restrict them from sharing personally identifiable information."

d.   "We **protect our players' safety by proactively filtering inappropriate content** and acting against anyone who is in violation of our Rules of Conduct."

e.   "**All** uploaded images, video, and audio files are **pre-reviewed by moderators** for appropriate content **before being allowed** on the site."

f.   "Our moderation team is also online **around the clock** reviewing abuse reports."

g.   "Roblox uses a **state-of-the-art filtering system** that actively filters for inappropriate chat **everywhere** on the site and in-game."

h.   "While users of all ages are on this filtering system, **we go a step further for users 12** and under by placing them on a more restricted chat to **protect their privacy and safety**. When a user age 12 and under signs up on Roblox, they are **automatically placed on controlled settings** so that they can only directly message other users that are accepted as friends on Roblox."

i.   "For users **age 12 and under**, however, **we take extra precaution to ensure their safety and privacy** by automatically enforcing more restricted settings so they

21

1    can only directly message other users that are accepted as friends on Roblox."

2    81.    All of these statements are contained on a page on Roblox's website specifically

3    dedicated to informing parents about the safety of the platform with the intention of inducing

4    reliance on the information contained within. The Parent's Guide does not contain any limiting

5    language alongside these representations; at no point does Roblox provide any disclaimers, nor does

6    the Parent's Guide page link the reader to another page containing any limiting language or

7    disclaimers.

8    82.    None of these representations were true.  Mr. Uhl learned Roblox was not the safe

9    environment it held itself out to be after his daughter described a friend she had made on Roblox.

10   Starting in or around Spring 2021, Mr. Uhl's daughter formed an online relationship with another

11   Roblox user that held themself out to be the same age as Mr. Uhl's daughter. In reality, his

12   daughter's online friend was a senior woman posing as both a child and the fictitious child's parent.

13   Upon learning the true nature of his daughter's Roblox "friend" in or around June 2022, Mr. Uhl

14   searched their Roblox chat history and discovered that the woman was attempting to groom his

15   daughter and persuade her into believing she was of a particular sexual orientation, along with other

16   messages of a sexual nature.

17   83.    Mr. Uhl has spent $3,000 to $5,000 or more on Roblox with the belief, based on each

18   of the statements contained in paragraphs 75-77, that the platform was a safe environment for his

19   children to learn, play, and develop their expressive creativity for 1-2 hours per day, on average.

20   Mr. Uhl would not have spent any amount of money on the Roblox platform if he had known it was

21   an unsafe environment for his children to learn and play.

22   84.    Plaintiffs seek damages and, in the alternative, equitable restitution. They seek

23   restitution in the alternative because they have no adequate remedy at law.

24   85.    A legal remedy is not adequate if it is not as certain as an equitable remedy. For

25   example, restitution can be measured by "willingness-to-pay rather than market value," *Mier v. CVS*

26   *Health*, No. 22-cv-55665, 2023 WL 4837851, at *2 (9th Cir. July 28, 2023), which provides for a

27   more certain recovery. The elements of Plaintiffs' equitable claims are also different and do not

28   require the same showings as their legal claims.

86.     Plaintiffs also face an imminent threat of future harm because they will be unable to rely on Defendant's representations in the future about the safety of its platform and therefore cannot buy Robux if the need or desire were to arise.

## V.     CLASS ACTION ALLEGATIONS

87.     Plaintiffs bring these claims individually and on behalf of the following class of:

a.     California Subclass: all persons who, while living in the state of California, purchased Defendant's Product during the applicable statute of limitation (the "California Subclass"); and

b.     Consumer Protection Class: all persons who, while living in certain identified states (the "Consumer Protection Class States"), purchased Defendant's Product during the applicable statute of limitations.

c.     The Consumer Protection Class States are as follows: California, Connecticut, Illinois, Maryland, Missouri, and New York.

88.     The following people are excluded from the class and the subclass: (1) any Judge or Magistrate Judge presiding over this action and the members of their family; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or its parents have a controlling interest and their current employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel and Defendants' counsel, and their experts and consultants; and (6) the legal representatives, successors, and assignees of any excluded persons.

### A.     Numerosity & Ascertainability

89.     The proposed class contains members so numerous that separate joinder of each member of the class is impractical. Upon information and belief, there are millions of proposed class members.

90.     Members of the proposed class can be identified through public notice.

### B.     Commonality

91.     There are questions of law and fact common to the proposed class. Common

questions of law and fact include, without limitation:

        a.     Whether Defendants misled reasonable customers;

        b.     Whether Defendants violated state consumer protection laws;

        c.     Whether Defendants were unjustly enriched;

92.     Damages needed to reasonably compensate Plaintiffs and the proposed class.

### C.     *Typicality*

93.     Plaintiffs' claims are typical of the proposed class.  Like the proposed class, Plaintiffs purchased Robux to obtain digital content.

### D.     *Predominance and Superiority*

94.     The prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent or varying adjudication with respect to individual members, which would establish incompatible standards for the parties opposing the class.  For example, individual adjudication would create a risk that Defendants' statements are found misleading for some consumers, but not other similarly situated consumers.

95.     Common questions of law and fact predominate over any questions affecting only individual members of the proposed class.  These common legal and factual questions arise from central issues that do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any particular class member. For example, a common core liability question is whether Roblox made misleading statements about whether its platform prevents children's exposure to inappropriate content and inappropriate communications.

96.     A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical.  It would be unduly burdensome to separately litigate tens of thousands of individual claims.

**CAUSES OF ACTION:**

**FIRST CAUSE OF ACTION**

**VIOLATIONS OF STATE CONSUMER PROTECTION ACTS**

**(on behalf of Plaintiffs and the Multi-State Consumer Protection Class)**

97.     Plaintiffs incorporate by reference and re-allege each and every allegation set forth above in the foregoing paragraphs as though fully set forth herein.

98.     This count is brought on behalf of Plaintiffs and the Consumer Protection Class for violations of the following state consumer protection statutes:

| **State** | **Statute** |
|---|---|
| California | Cal. Bus. & Prof. Code § 17200, and the following; *id.* §17500, and the following; Cal. Civ. Code §1750 and the following. |
| Connecticut | Conn. Gen Stat. Ann. § 42- 110, and the following. |
| Illinois | 815 ILCS § 501/1, and the following. |
| Maryland | Md. Code Ann. Com. Law, § 13-301, and the following. |
| Missouri | Mo. Rev. Stat. § 407, and the following. |

99.     Each of these consumer protection statutes prohibits unfair, unconscionable, and/or deceptive acts or practices in the course of trade or commerce or in connection with the sales of goods or services to consumers.

100.    The acts, practices, and misrepresentations by Defendant described above, occurring in the course of conduct involving trade or commerce, constitute unfair methods of competition and unfair or deceptive acts or practices within the meaning of each of the above numerated statutes.

101.    As alleged above, Defendant's conduct, including its misrepresentations about the safety of Roblox, was a substantial factor in Plaintiffs' decisions to allow their children to play Roblox and purchase the Product.

102.    Plaintiffs and class members were injured as a direct and proximate result of Defendant's conduct because: (a) they would not have paid the purchase price for Roblox's Product if they had known the real price or had known the Roblox platform endangered their children; (b) they overpaid for the Product because the Product was sold as a price premium due to misrepresentations about the safety of Roblox; (c) they would not have bought anything from

Roblox had they known the Product endangered their children; or (d) they bought a Product that was, in fact, worthless.

103.    In this way, Plaintiffs and the members of the proposed Class have suffered an ascertainable loss, in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### INTENTIONAL MISREPRESENTATION

**(on behalf of Plaintiffs and the California Subclass)**

104.    Plaintiffs incorporate by reference and re-allege each and every allegation set forth above in the foregoing paragraphs as though fully set forth herein.

105.    Plaintiffs bring this count individually and for the California Subclass.

106.    Defendant's false representations about the Roblox platform which were directed toward the general public, including Plaintiffs, and which Plaintiffs heard or read and reasonably relied on, resulted in economic injury as alleged herein.

107.    Defendant represented to Plaintiffs and the general public that:

    a.    It was extremely difficult for children under 13 to be contacted by strangers on the Roblox platform;

    b.    Technological safeguards on the Roblox platform prevent inappropriate (including sexually explicit) attire on Roblox avatars;

    c.    Technological safeguards on the Roblox platform prevent inappropriate content from being visible to users;

    d.    The Roblox platform was at all times "family friendly";

    e.    The Roblox platform was at all times a "a safe, moderated place to meet, play, chat, and collaborate on creative projects."

108.    Each of these representations was in fact false. Defendant made these misrepresentations knowingly, recklessly, and without regard for their truth.

109.    In making the representations and posting them on its website and community resource webpages, including in sections directed towards concerned parents, Defendant intended that Plaintiffs and the general public would rely on these representations.

110.    Plaintiffs did in fact reasonably rely on the representations and, had Plaintiffs known the representations were false, would not have spent any money on the Roblox platform.

111.    Plaintiffs, in spending money on the Roblox platform for their children's entertainment, suffered economic harm.

112.    Plaintiffs were deceived into believing that the representations about the platform were true and, learning that they were false, have suffered economic loss which would not have occurred but for the misrepresentations.

113.    Plaintiffs' reliance on Defendant's misrepresentations was a substantial factor in causing Plaintiffs' economic losses.

114.    Plaintiffs' reliance on Defendant's misrepresentations was a proximate and direct cause of Plaintiffs' economic losses.

115.    Plaintiffs seek compensatory damages for the economic losses suffered as a result of Defendant's conduct.

### THIRD CAUSE OF ACTION

### NEGLIGENT MISREPRESENTATION

### (on behalf of Plaintiffs and the California Subclass)

116.    Plaintiffs incorporate by reference and re-allege each and every allegation set forth above in the foregoing paragraphs as though fully set forth herein.

117.    Plaintiffs bring this count individually and for the California Subclass.

118.    Defendant's false representations about the Roblox platform which were directed toward the general public, including Plaintiffs, and which Plaintiffs heard or read and reasonably relied on, resulted in economic injury as alleged herein.

119.    Defendant represented to Plaintiffs and the general public that:

    a.    It was extremely difficult for children under 13 to be contacted by strangers on the Roblox platform;

    b.    Technological safeguards on the Roblox platform prevent inappropriate (including sexually explicit) attire on Roblox avatars;

c.  Technological safeguards on the Roblox platform prevent inappropriate content from being visible to users;

d.  The Roblox platform was at all times "family friendly";

e.  The Roblox platform was at all times a "a safe, moderated place to meet, play, chat, and collaborate on creative projects."

120.  Each of these representations were in fact false. Defendant made these representations with no reasonable grounds for believing that the representations were true when Defendant made them.

121.  In making the representations and posting them on its website and community resource webpages, including in sections directed towards concerned parents, Defendant intended that Plaintiffs and the general public would rely on these representations.

122.  Plaintiffs did in fact reasonably rely on the representations and, had Plaintiffs known the representations were false, would not have spent any money on the Roblox platform.

123.  Plaintiffs, in spending money on the Roblox platform for their child's entertainment, suffered economic harm.

124.  Plaintiffs were deceived into believing that the representations about the platform were true and, learning that they were false, has suffered economic loss which would not have occurred but for the misrepresentations.

125.  Plaintiffs' reliance on Defendant's misrepresentations was a substantial factor in causing Plaintiffs' economic losses.

126.  Plaintiffs' reliance on Defendant's misrepresentations was a proximate and direct cause of Plaintiffs' economic losses.

127.  Plaintiffs seek compensatory damages for the economic losses suffered as a result of Defendant's conduct.

## FOURTH CAUSE OF ACTION

### UNJUST ENRICHMENT

**(on behalf of Plaintiffs and the California Subclass)**

128.   Plaintiffs incorporate by reference and re-allege each and every allegation set forth above in the foregoing paragraphs as though fully set forth herein.

129.   Plaintiffs bring this count individually and for the California Subclass.

130.   As a direct and proximate result of Defendant's deceptive and unfair conduct, Defendant has enriched itself at the expense of Plaintiffs.

131.   Due to Defendant's false and misleading statements, Plaintiffs and others have paid valuable property to Defendant under false pretenses, specifically by spending money on the Roblox platform and in purchasing "Robux", either directly from Roblox or through other retailers.

132.   There is a direct connection and shared nexus of fact between Defendant's wrongful conduct and Plaintiffs' payment of property to Defendant, such that Defendant's retention of the property originating from Plaintiffs would be unjust.

133.   Defendant's retention of the money paid by Plaintiffs would be abjectly unjust, unfair, and inequitable.

134.   Equity requires that Defendant make restitution for the property and benefits received, retained, and appropriated from Plaintiffs. Plaintiffs hereby seek such restitution and disgorgement of Defendant's ill-gotten profits.

## FIFTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW

### (California Bus. & Prof. Code, §§ 17200 *et seq.*)

### (on behalf of Plaintiffs and the California Subclass)

135.   Plaintiffs incorporate by reference and re-allege each and every allegation set forth above in the foregoing paragraphs as though fully set forth herein.

136.   California's Unfair Competition Law, Business and Professions Code § 17200, et *seq.*, prohibits any "unlawful, unfair or fraudulent business act or practice" and any "unfair, deceptive, untrue or misleading advertising."

137.   By the conduct described in detail above and incorporated herein, Defendant engaged in unfair and deceptive acts in violation of California's Unfair Competition Law.

138.   Plaintiffs and those similarly situated were exposed to numerous representations concerning the safeguards on the Roblox platform and the appropriateness of the platform for children.

139.   These representations were, in fact, untrue and misleading, and each had a likelihood or tendency to deceive or confuse the public. Plaintiffs and those similarly situated were deceived and confused, just as a reasonable consumer would have been deceived and confused.

140.   Plaintiffs were induced by these representations to spend money on the Roblox platform in reliance on the representations that the platform has effective safeguards, and that the platform was at all times appropriate for children.

141.   Had Plaintiffs known the representations were in fact false or misleading, Plaintiffs would not have spent money on the platform.

142.   Defendant engaged in wrongful conduct while at the same time obtaining, under false pretenses, monetary gain from Plaintiffs that would not have been paid had Defendant not engaged in unfair and deceptive conduct.

143.   Defendant engaged in unfair methods of competition and deceptive acts or practices that were proscribed by law, including the following:

  a. In misrepresenting that it was extremely difficult for children under 13 to be contacted by strangers on the Roblox platform;

  b. In misrepresenting that technological safeguards on the Roblox platform prevent inappropriate (including sexually explicit) attire on Roblox avatars;

  c. In misrepresenting that technological safeguards on the Roblox platform prevent inappropriate content from being visible to users;

  d. In misrepresenting that the Roblox platform is at all times "family friendly";

  e. In misrepresenting that the Roblox platform is a "a safe, moderated place to meet, play, chat, and collaborate on creative projects";

  f. In engaging in unfair, unconscionable, deceptive, or abusive conduct that creates a likelihood of confusion or misunderstanding amongst reasonable consumers;

     g.    In engaging in unfair, immoral and unscrupulous conduct in designing a marketplace which takes advantage of decision-making vulnerabilities in children and adolescents and thereby exacerbates the impact of its misrepresentations.

144.    Defendant intended for Plaintiffs to rely on their representations and advertisements regarding the Roblox platform in order to achieve monetary gain from Plaintiffs.

145.    Defendant has a statutory duty to refrain from unfair or deceptive acts or trade practices in the design, development, and promotion of its Roblox platform.

146.    Had Defendant not engaged in the deceptive conduct described above, Plaintiffs would not have spent any money on the Roblox platform and would not have incurred financial losses.

147.    Defendant's deceptive and fraudulent representations and material omissions to Plaintiffs and other consumers constituted unfair and deceptive acts and trade practices in violation of California's Unfair Competition Law.

148.    Defendant violated the laws that were enacted to protect consumers against unfair, deceptive, fraudulent and unconscionable trade and business practices and false advertising, by knowingly and falsely misrepresenting aspects of Defendant's Roblox platform. The misrepresentations were made in marketing and promotional materials which were intended, in part, to induce consumers, such as Plaintiffs, to allow their children to use the Roblox platform and to spend money on the platform.

149.    The actions and omissions of Defendant alleged herein are uncured or incurable deceptive acts under the statues enacted in the states to protect consumers against unfair, deceptive, fraudulent and unconscionable trade and business practices and false advertising.

150.    As a direct and proximate result of Defendant's conduct, Plaintiffs, the putative class members, and members of the general public (including without limitation persons admitted to and/or residing in the facilities, and their family members and/or representatives) have been harmed and continue to be harmed. Accordingly, Plaintiffs and the putative class members are entitled to restitution.

151. Plaintiffs and class members were injured as a direct and proximate result of Defendant's conduct because: (a) they would not have paid the purchase price for Roblox's Product if they had known the real price or had known Roblox endangered their children; (b) they overpaid for the Product because the Product was sold at a price premium due to misrepresentations about the safety of Roblox; (c) they would not have bought anything from Roblox had they known the Product endangered their children; or (d) they bought a Product that was, in fact, worthless.

152. Additionally, Plaintiffs seek an injunction requiring that Defendant immediately cease acts of unlawful, unfair, and fraudulent business acts or practices as alleged herein, and to enjoin Defendant from continuing to engage in any such acts or practices in the future. There exists no adequate legal remedy to prevent further violations of California's Unfair Competition Law. Plaintiffs and the putative class members also seek reasonable attorneys' fees, costs and expenses, and all other remedies permitted by law.

**SIXTH CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW (FAL)**

**(California Bus. & Prof. Code, §§ 17500 *et seq.*)**

**(on behalf of Plaintiffs and the California Subclass)**

153. Plaintiffs incorporate by reference and re-allege each and every allegation set forth above in the foregoing paragraphs as though fully set forth herein.

154. Plaintiffs bring this cause of action on behalf of themselves and members of the California Subclass.

155. California's False Advertising Law, Business and Professions Code § 17500, et *seq.*, provides that it is unlawful for "any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services, professional or otherwise, or anything of any nature whatsoever or to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated before the public in this state, or to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means

32

FOURTH AMENDED COMPLAINT FOR DAMAGES AGAINST ROBLOX CORPORATION

whatever, including over the Internet, any statement, concerning that real or personal property or those services, professional or otherwise, or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading, or for any person, firm, or corporation to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

156. By the conduct described in detail above and incorporated herein, Defendant disseminated false and misleading statements to the public through advertising devices with the intent to induce consumers into purchasing the Product in violation of California's False Advertising Law.

157. As alleged more fully above, Defendant has falsely advertised its Product by misleadingly representing:

    a. It was extremely difficult for children under 13 to be contacted by strangers on the Roblox platform;

    b. Technological safeguards on the Roblox platform prevent inappropriate (including sexually explicit) attire on Roblox avatars;

    c. Technological safeguards on the Roblox platform prevent inappropriate content from being visible to users;

    d. The Roblox platform was at all times "family friendly";

    e. The Roblox platform was at all times a "a safe, moderated place to meet, play, chat, and collaborate on creative projects."

158. As alleged more fully above, Defendant's representations and omissions were likely to deceive, and did deceive, Plaintiffs and reasonable consumers. Defendant knew, or reasonably should have known, that its representations and omissions were misleading.

159. As alleged in detail above, Defendant's misrepresentations and omissions were material. Thus, subclass-wide reliance can be inferred.

160.    As alleged in detail above, Defendant's representations and omissions were a substantial factor and proximate cause in causing damages and losses to Plaintiffs and subclass members.

161.    Plaintiffs and class members were injured as a direct and proximate result of Defendant's conduct because: (a) they would not have paid the purchase price for Roblox's Product if they had known the real price or had known Roblox endangered their children; (b) they overpaid for the Product because the Product was sold at a price premium due to misrepresentations about the safety of Roblox; (c) they would not have bought anything from Roblox had they known the platform endangered their children; or (d) they bought a Product that was, in fact, worthless.

<u>**SEVENTH CAUSE OF ACTION**</u>

**VIOLATION OF THE CALIFORNIA CONSUMER LEGAL REMEDIES ACT ("CLRA")**

**(California Civil Code §§ 1750 *et seq.*)**

**(on behalf of Plaintiffs and the California Subclass)**

162.    Plaintiffs incorporate by reference and re-allege each and every allegation set forth above in the foregoing paragraphs as though fully set forth herein.

163.    Plaintiffs and the class members are "consumers" as defined in California Civil Code § 1761(d).

164.    Defendant is a "person" as defined under California Civil Code § 1761(c).

165.    The sale of a digital currency for the acquisition and use of cosmetic items and other in-platform items and in-platform services constitute "services" under California Civil Code § 1761(b), and the purchase of those items and services constitutes a "transaction" under California Civil Code § 1761(e).

166.    Defendant engaged in unfair and deceptive acts and practices which were intended to result in and did in fact result in the sale of goods and/or services.

167.    Defendant represented to Plaintiffs and the general public that:

a.    It was extremely difficult for children under 13 to be contacted by strangers on the Roblox platform;

FOURTH AMENDED COMPLAINT FOR DAMAGES AGAINST ROBLOX CORPORATION

b.  Technological safeguards on the Roblox platform prevent inappropriate (including sexually explicit) attire on Roblox avatars;

c.  Technological safeguards on the Roblox platform prevent inappropriate content from being visible to users;

d.  The Roblox platform was at all times "family friendly";

e.  The Roblox platform was at all times a "a safe, moderated place to meet, play, chat, and collaborate on creative projects."

168.  Each of these representations were false.

169.  Defendant violated and continues to violate the California Consumer Legal Remedies Act (California Civil Code §§ 1750 *et seq.*) in at least the following respect: in violation of § 1770(a) Defendant's statements about the Roblox platform were representations that the Roblox platform had characteristics that it did not have. Defendant misrepresented, failed to disclose, and concealed true characteristics of the Roblox platform. It did so knowingly and with the intent to induce Plaintiffs and those similarly situated to spend money on the Roblox Product.

170.  Plaintiffs and class members were injured as a direct and proximate result of Defendant's conduct because: (a) they would not have paid the purchase price for Roblox's Product if they had known the real price or had known Roblox endangered their children; (b) they overpaid for the Product because the Product was sold at a price premium due to misrepresentations about the safety of Roblox; (c) they would not have bought anything from Roblox had they known the Product endangered their children; or (d) they bought a Product that was, in fact, worthless.

171.  Defendant's conduct was intentional, and the statements were known to be false at the time they were made.

172.  Accordingly, pursuant to California Civil Code § 1780(a)(2), Plaintiffs, on behalf of themselves and all other members of the California Subclass, seek injunctive relief. There exists no adequate legal remedy to prevent future violations by Defendant of the California Consumer Legal Remedies Act.

173.  In accordance with Civil Code section 1782, Plaintiffs gave notice to Defendant of the violations of the CLRA alleged in this 4AC and demanded that the Defendant correct or

FOURTH AMENDED COMPLAINT FOR DAMAGES AGAINST ROBLOX CORPORATION

otherwise rectify the issues identified by Plaintiffs. Plaintiffs provided notice and demand in writing by certified or registered mail, return receipt requested, to the Defendant's principal place of business. Such mailing was completed and received by Defendant 30 days or more prior to the filing of this 4AC.

174.    Having provided the statutory notice, Plaintiffs now seek all relief to which they are entitled under the CLRA, including monetary damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendant for the above-referenced claims and causes of action, and as follows:

1. Compensatory damages in the form of past economic losses;

2. Restitution and disgorgement of profits wrongfully gained;

3. Pre-judgment interest;

4. Post-judgment interest;

5. Injunctive relief enjoining Defendant from:

   a.   continuing to make the false statements identified in this 4AC;

   b.   continuing to falsely advertise; and

   c.   continuing to engage in unfair and unlawful business practices;

6. All available relief under the California Consumer Legal Remedies Act;

7. Awarding Plaintiffs' reasonable attorneys' fees;

8. Awarding Plaintiffs the costs of these proceedings; and

9. Such other and further relief as this Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiffs hereby demand a trial by jury on all claims so triable.

Date: August 14, 2024                     **ANDREWS & THORNTON**

/s/ Robert S. Siko
ROBERT S. SIKO
ANNE ANDREWS
SEAN T. HIGGINS
ZACHERY R. BIERSCHEID
4701 Von Karman Ave., Suite 300

36
FOURTH AMENDED COMPLAINT FOR DAMAGES AGAINST ROBLOX CORPORATION

Newport Beach, CA 92660
Tel (949) 748-1000
Fax (949) 315-3540
aa@andrewsthornton.com
shiggins@andrewsthornton.com
rsiko@andrewsthornton.com
zbierscheid@andrewsthornton.com

**WALSH LAW PLLC**
ALEXANDRA WALSH
PATRICK HUYETT
14 Ridge Square, NW, 3rd Floor
Washington, DC 20016
Tel (202) 780-3014
Fax (202) 780-3678
awalsh@alexwalshlaw.com
phuyett@alexwalshlaw.com
(*Pro Hac Vice forthcoming*)

FOURTH AMENDED COMPLAINT FOR DAMAGES AGAINST ROBLOX CORPORATION

## CERTIFICATE OF SERVICE

This is to certify that on August 14, 2024, I served a true and accurate copy of the following:

**FOURTH AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL; (REDLINED) FOURTH AMENDED CLASS ACTION COMPLAINT; AND CERTIFICATE OF SERVICE**; electronically with the Clerk of Court via the CM/ECF system which sent electronic notification of this filing to all registered counsel of record via email.

DATED: Newport Beach, California, August 14, 2024.

*/s/ Robert S. Siko*
Robert S. Siko
ANDREWS THORNTON
4701 Von Karman Ave., Suite 300
Newport Beach, CA 92660
rsiko@andrewsthornton.com

***Attorneys for Plaintiff***

1
CERTIFICATE OF SERVICE